## Stephenson v. Sampson

*Stanley A. Uhr,* for plaintiffs.
*James T. Owens, Littleton W. Roberts, Jr.,* and *Daniel W. B. Flint,* for defendants.

WOOD, *J.,* August 27, 1980—This matter was commenced by Stanley and Adele Stephenson, who were the purchasers of real estate from defendants, William and Elizabeth Sampson. The complaint was not only brought against the sellers, but also against the real estate brokers involved in the

transaction, Henderson-Dewey and Realty World, the seller's attorney, Charlotte Thurschwell, Esq., and a termite inspection company, Town and Country.

There are three counts to the complaint. Count I alleges that defendants Sampson, Thurschwell, Henderson-Dewey and Realty World fraudulently induced plaintiffs to enter into the agreement of sale and to go forward to settlement by failing to disclose a material latent defect in the premises, to wit: termite damage, a defect of which defendants allegedly had actual knowledge. Count II complains that the same four defendants breached the agreement of sale by failing to notify plaintiffs of the termite damage or by not correcting such damage. Count III only involves defendant Town and Country who has apparently not yet been served. Defendant Thurschwell has filed an answer and new matter to which a reply has been filed. Before us for decision, then, are the preliminary objections filed on behalf of each of the remaining three defendants, Sampson, Henderson-Dewey, and Realty World.

Defendants Sampson (1) raise a question of jurisdiction, (2) demur, (3) move to strike, and in the alternative (4) move for a more specific pleading.*

We need not discuss the jurisdictional question at length. This suit concerns the sale of Pennsylvania real estate, in Pennsylvania, and service was made on the Sampsons in California, by certified mail, in accordance with the Uniform Interstate and Inter-

---

*Plaintiffs moved under our local rule 211 to dismiss the Sampsons' preliminary objections for failure to file a brief. By the time the matter reached us for decision, the brief had been filed, so we will dismiss plaintiffs' motion.

national Procedure Act, 42 Pa. C.S.A. § 5321 et seq. We hold that service complied with the Uniform Act.

Next we consider the Sampsons' demurrer to counts I and II of the complaint for failure to state a cause of action.

Reduced to its basics, count I says that defendants knew about a termite problem and deliberately did not inform plaintiffs in order to mislead them into buying the property. As such, count I states a cause of action against the Sampsons. In Shane v. Hoffman, 227 Pa. Superior Ct. 176, 184, 324 A. 2d 532 (1974), the court stated:

"We further note that Mrs. Hensch, in response to a question at closing concerning the draining capacity throughout the house, said nothing about a problem, which according to Depofi's testimony, was known to exist. While mere silence is not usually actionable, and while the doctrine of caveat emptor may sometimes apply to prevent action on an undisclosed problem existing at the time of a sale or transaction, such is not the case where the law recognizes a duty to disclose."

The courts of Pennsylvania have long recognized a duty to disclose conditions which are dangerous to the vendee: Id., at 185. In fact, in a case directly on point, the Supreme Court upheld a finding of liability on the part of the vendor of property who failed to disclose termite infestation to the purchaser, since his failure to disclose breached his duty to reveal a dangerous condition which constitutes a material factor to be considered by the purchaser in his decision to buy: De Joseph v. Zambelli, 392 Pa. 24, 139 A. 2d 644 (1958). Whether we call it a breach of duty in tort or a fraudulent inducement to enter into

a contract, we believe count I sufficiently states a cause of action in accordance with prior case law.

Count II, however, is a different story. The count alleges that defendants breached the agreement of sale by failing to provide a notification of termite infestation as required by the sales agreement. However, all the agreement says is that the home owners will provide a termite certificate at settlement. It does not say that the sellers or any of their agents warrant that the place is free of termites or that it will be free of termites at settlement. All they guaranteed is the production of a certificate which they in fact produced. The demurrer to count II must therefore be sustained.

Defendants Henderson-Dewey and Realty World have also objected to counts I and II. Their demurrer to count II must be sustained for the reasons set forth above. Further, paragraph 11 of the sales agreement provides in part:

"It is understood that Buyer has inspected the property and that Buyer has agreed to purchase it as a result of such inspection and not because of or in reliance upon any representation made by Seller or by any agent of Seller . . . and that Buyer has agreed to purchase it in its present condition unless otherwise specified herein."

Paragraph 14 further states:

"It is expressly understood and agreed between the parties hereto that Hend. & LDewey and Rlty Wrld is (are) acting as agent(s) only and will in no case whatsoever be held liable to either party for the performance of any terms or covenants of this Agreement or for damages for the nonperformance thereof."

We therefore must conclude that even if the Sampsons had breached the agreement, Hender-

son-Dewey and Realty World cannot be held liable under the terms of the contract, as such.

Count I, however, alleges that both brokers knew of the, termite infestation but failed to inform the purchasers. It would therefore follow that unless the above two cited clauses of the agreement release these two defendants from this kind of liability, their preliminary objections to count I should be dismissed for the same reasons that we cited in dismissing the preliminary objections of the Sampsons. The law in this state is well established that if the seller or its agents induce one to enter into a contract through fraud or misrepresentation, they may not hide behind a clause in the sales agreement which in essence states that the vendee has inspected the premises and accepts the property in its present condition: Glanski v. Ervine, 269 Pa. Superior Ct. 182, 409 A. 2d 425, 428 (1979). Moreover, the exculpatory clause, paragraph 14 of the sales agreement, does not release the two defendants from liability under count I as that count is based not upon a breach of any of the covenants of the sales agreement but rather upon defendants' breach of their affirmative duty to disclose dangerous conditions of which the buyer has no reason to be aware: Shane, supra. The preliminary objections of the brokers to count I are therefore dismissed.

The Sampsons have also filed motions to strike the complaint or in the alternative for a more specific pleading for failure to conform to Pa.R.C.P. 1019(b) and (f). They claim that rule 1019(b) was violated because plaintiffs failed to set forth with sufficient particularity facts which support their averments of fraud. We find no merit in this contention. Although the rule forbids bald averments of fraud with no factual support, it does not require

the pleading of all the factual details: Carlson Mining Co. v. Titan Coal Co., 26 Lawrence 131 (1978). Here plaintiffs lucidly set forth in count I the basis for their allegation of fraud: that defendants knew of the termite infestation but nevertheless failed to disclose this fact to them.

The Sampsons and Henderson-Dewey also assert a violation of rule 1019(f) in that plaintiffs failed to state items of special damage with specificity. Paragraph 28 of the complaint states that the repair cost is approximately $5,000, and this is a rather general statement. However, defendants can discover the basis of this figure, and we consider discovery a more appropriate remedy at this juncture than re-pleading. See First Pennsylvania Bank, N.A. v. Selser, 9 D. & C. 3d 89 (1979).

## ORDER

And now, August 27, 1980, the motion of defendants Sampson to dismiss for lack of jurisdiction and improper service is dismissed.

Defendants Sampson, Henderson-Dewey and Realty World's preliminary objections in the nature of a demurrer to count I of the complaint are overruled and defendants are hereby directed to file their answers within 20 days from the date of this order. Their preliminary objections in the nature of a demurrer to count II of the complaint are sustained.

Defendants Sampson and Henderson-Dewey's motion to strike and motion for a more specific pleading are denied.

The motion of defendants Sampson to dismiss under Chester County Rule 211 is denied.